Jerri SHOLD, Appellee,

v.

Terry GORO, Appellant.

No. 90–936.

Supreme Court of Iowa.

Feb. 19, 1992.

John J. Hines and Samuel T. Beatty of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for appellant.

Leslie Knock of Reed–Merner and Merson, Snow & Knock, Cedar Falls, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

HARRIS, Justice.

This controversy, involving financial dealings between persons during an amorous relationship, was the subject of a prior appeal. The trial court on remand and the court of appeals reached different interpretations of our prior opinion. Because we think the case properly falls between the two interpretations, we vacate the decision of the court of appeals, again reverse the judgment of the district court, and remand the case for further proceedings.

The facts were detailed in *Shold v. Goro,* 449 N.W.2d 372 (Iowa 1989), and thus need only a brief summary here. Plaintiff Jerri Shold and defendant Terry Goro met when Jerri was a student and Terry was an instructor at the University of Northern

Iowa. In 1978, while Jerri was a graduate student in Terry's department, they began their amorous affair. Both were married, although Jerri was separated from her husband and her marriage was soon dissolved. Terry's marriage was not finally dissolved until 1982.

Jerri advanced money to Terry for his living and other personal expenses. This first occurred in Iowa and in Minnesota while both were for a time employed by an accounting firm. Many of the funds were advanced in connection with a move the couple, together with Terry's son, made to California. While in California Terry began keeping a ledger which detailed the couple's expenditures. Terry also calculated the amount of his and his son's personal expenses. Jerri would issue Terry a check for the amount of money he needed, in addition to his own, to cover all of these expenses. The couple returned to Iowa in August of 1983. Terry returned to his job at the University of Northern Iowa and Jerri took a job in Chicago. The relationship ended in 1985.

Although the advances themselves are adequately documented, the parties disagree widely concerning their meaning and effect. Jerri testified that Terry continually reassured her he would reimburse her for the money she advanced. Terry testified he did not make these reassurances. Jerri admitted there was no express agreement on the conditions or time of repayment. She however claimed that, given the circumstances, Terry was obligated to make restitution.

In denying recovery, the trial court found there was no substantial evidence of an express agreement for repayment. The court concluded that, although Jerri contributed more financially to the relationship than Terry, it was not inequitable to deny her claim.

In the first appeal Terry sought affirmance on the basis of our decision in *Slocum v. Hammond,* 346 N.W.2d 485 (Iowa 1984). In *Slocum* we refused to extend the doctrine of unjust enrichment so as to divide property accumulated during a relationship in which the parties lived together. *Id.* at 491–92. In our prior opinion in this dispute, while adhering to *Slocum,* we reversed the trial court so as to allow recovery for Jerri for those advances which amounted to loans, as distinguished either from gifts or from her advances which merely reflected her contribution to shared expenses. *Shold,* 449 N.W.2d at 374. The case had been tried as a law action and the evidence was insufficient for us to determine as a matter of law what amounts Jerri had advanced as loans (subject to credits). Hence the case was remanded to district court. *Id.*

On remand the district court expressed uncertainty as to how to interpret our decision. Only two interpretations were envisioned: (1) Jerri "should recover all sums advanced ... subject to indicated credits"; or (2) Jerri "should recover only those sums advanced by check marked 'LOAN' or 'LN.'" Under the first interpretation Jerri would recover $23,808.15; under the second interpretation she would recover $1000.

The district court subscribed to the first interpretation and awarded Jerri $23,808.15. This time Terry appealed and the court of appeals, adhering to the district court's second interpretation, reversed the award and ordered judgment entered for $1000. The case is before us on further review.

■ We did not, by anything said in our prior decision in this case, suggest that Jerri's recovery is limited to advances evidenced by canceled checks marked as loans. Neither did we suggest that her recovery should necessarily extend to all money that she advanced to Terry. Jerri is entitled to recover for the amounts she advanced to Terry for which the parties either expressly or impliedly agreed she would be reimbursed.

■ In sorting through the advances, the burden of proof regarding expected repayment will be important. Jerri's right of recovery differs from but is akin to an action for monies had and received. *See Anita Valley, Inc. v. Bingley,* 279 N.W.2d 37, 40–41 (Iowa 1979). Under these special

circumstances we believe and hold that, although the burden of proof is upon Jerri to establish her claim, she made out a prima facie case upon showing the funds were advanced. As to any funds advanced, the burden of going forward then shifts to Terry to show no repayment of the advance was contemplated.

The case must be remanded for further proceedings, including the taking of additional evidence if necessary, and findings in accordance with this opinion.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED.